# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANK SILVA,<br><br>    Plaintiff,<br><br>v.<br><br>MICHAEL S. WARDA, et al.,<br><br>    Defendants. | 1:16-cv-00832-LJO-BAM<br><br>**ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND**<br><br>**THIRTY-DAY DEADLINE** |

      Plaintiff Frank Silva ("Plaintiff"), proceeding pro se, initiated this action on June 15, 2016. Plaintiff's suit appears related to real property located in Turlock, California. (Doc. 1).

## DISCUSSION

### Plaintiff's Allegations

      Plaintiff alleges: "The House was for sale for a year. Wanted me to sign paper with out a loan number Michael Warda would not give a loan number so I wouldnt sign & all Then they sold house with out my signing." Doc. 1 at 3 (unedited text). As requested relief, Plaintiff states, "I didnt get rent for one year & wanted me to sign papers with out a loan & then came up with all these fees & I tried to go to a lawyer but would make appointed or call back with appointed." Doc. 1 at 6 (unedited text).

      Plaintiff names Michael S. Warda, Joelle J. Wendeln (Escrow Officer), SC Fuel Cardlock System, Inc., and Louie A. Estrada as defendants.

**Subject Matter Jurisdiction**

Federal courts are courts of limited jurisdiction and lack inherent or general subject matter jurisdiction. Federal courts can adjudicate only those cases in which the United States Constitution and Congress authorize them to adjudicate. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 114 S.Ct. 1673, 1677 (1994). To proceed in federal court, Plaintiff's complaint must establish the existence of subject matter jurisdiction. Federal courts are presumptively without jurisdiction over civil actions, and the burden to establish the contrary rests upon the party asserting jurisdiction. *Kokkonen*, 511 U.S. at 377, 114 S.Ct. at 1677. Lack of subject matter jurisdiction is never waived and may be raised by the court sua sponte. *Attorneys Trust v. Videotape Computer Products, Inc.*, 93 F.3d 593, 594 595 (9th Cir. 1996); *Demery v. Kupperman*, 7356 F.2d 1139, 1149 n. 8 (9th Cir. 1984). "If the court determines at any time that it lacks subject-matter jurisdiction, the court *must* dismiss the action." Fed. R. Civ. P. 12(h)(3) (emphasis added).

1. **Diversity Jurisdiction**

Pursuant to 28 U.S.C. § 1332, federal district courts have diversity jurisdiction over civil actions "where the matter in controversy exceeds the sum or value of $75,000," and where the matter is between "citizens of different states." 28 U.S.C. § 1332(a)(1).

Here, Plaintiff has not shown that the parties are completely diverse. The complaint indicates that Plaintiff and Defendants Warda, Wendeln, and Estrad Michael Kirby are citizens of California. Doc. 1 at 2-3. If the parties are California citizens, this destroys the requisite "complete diversity." *See Cook v. AVI Casino Enterprises, Inc.*, 548 F.3d 718, 722 (9th Cir. 2008). Thus, Plaintiff has failed to establish subject matter jurisdiction based on diversity.

2. **Federal Question Jurisdiction**

Pursuant to 28 U.S.C. § 1331, federal district courts have jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." "A case 'arises under' federal law either where federal law creates the cause of action or 'where the vindication of a right under state law necessarily turn[s] on some construction of federal law.'" *Republican Party of Guam v. Gutierrez*, 277 F.3d 1086, 1088–89 (9th Cir. 2002) (quoting *Franchise Tax Bd.*

*v. Construction Laborers Vacation Trust*, 463 U.S. 1, 8–9, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983)). The presence or absence of federal-question jurisdiction is governed by the "well-pleaded complaint rule." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392, 107 S.Ct. 2425, 963 L.Ed.2d 318 (1987). Under the well-pleaded complaint rule, "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Id.*

Plaintiff's complaint appears to concern the propriety of the sale of real property. Real property law is "traditionally the domain of state law." *Fid. Fed. Sav. & Loan Ass'n v. de la Cuesta*, 458 U.S. 141, 174 (1982); *Oregon ex rel. State Land Board v. Corvallis Sand & Gravel Co.*, 429 U.S. 363, 378 (1977) ("Property ownership is not governed by a general federal law, but rather by the laws of the several States."); *cf. Bock v. Smith*, No. CIV. S-11-2903 LKK/EFB, 2012 WL 174968, at *6 (E.D. Cal. Jan. 20, 2012) ("the heart of the civil dispute is based on the rightful possession and control of real property and its effects; resolution of the property dispute falls firmly within the purview of state law"). Plaintiff's claims concerning the sale of real property are therefore governed by state law and do not arise under the Constitution, laws, or treaties of the United States. Thus, Plaintiff has failed to establish subject matter jurisdiction based on the presence of a federal question.

## **CONCLUSION AND ORDER**

Plaintiff's complaint fails to allege subject matter jurisdiction. However, as Plaintiff is proceeding pro se, the Court will provide him with the opportunity to file a first amended complaint in the event he can allege facts or claims establishing this Court's jurisdiction. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff is advised that an amended complaint supersedes the original complaint. *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 927 (9th Cir. 2012) (en banc). Therefore, Plaintiff's first amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220.

1   Based on the foregoing, it is HEREBY ORDERED that:

2   1.   Plaintiff's complaint is dismissed for lack of subject matter jurisdiction;

3   2.   Within thirty (30) days from the date of service of this order, Plaintiff shall file a first amended complaint; and

3.   If Plaintiff fails to file a first amended complaint in compliance with this order, the Court will recommend that this action be dismissed with prejudice, for failure to state a claim and failure to obey a court order.

IT IS SO ORDERED.

Dated:   **June 23, 2016**        /s/ *Barbara A. McAuliffe*
                                    UNITED STATES MAGISTRATE JUDGE